(Pleito No. 119.—Fallado el 12 de Abril de 1901.)

## Torres contra Rodríguez.

Recurso contra sentencia dictada por la Corte de Distrito de Ponce.

HABER HEREDITARIO.   Un haber hereditario que debe satisfacerse del capital de una sociedad mercantil en liquidación, no puede reclamarse mientras no quede terminada dicha liquidación, extinguiéndose todas las deudas y obligaciones de la compañía y sea conocido el capital líquido sobrante.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á doce de Abril de mil novecientos uno, en el pleito que pende ante Nos, en virtud de recurso de casación por infracción de ley, iniciado ante el extinguido Juzgado de Ponce, y seguido por su extinción ante el Tribunal de dicha Ciudad, por Don Luis Rodríguez y Rodríguez, soltero, mayor de edad, vecino de Coamo, propietario, que no se personó ante este Tribunal, con Doña Carmen Torres y Rivera, viuda, vecina de Coamo y mayor de edad, representada y dirigida por el Letrado Don Juan Guzmán Benítez, sobre reclamación de herencia en juicio declarativo de mayor cuantía.—Resultando: Que en diez y nueve de Julio de mil ochocientos noventa y nueve el Procurador Don Luis Gautier, en representación de Don Luis Rodríguez y Rodríguez, presentó demanda en juicio de mayor cuantía ante el extinguido Juzgado de Ponce, contra Doña Carmen Torres, sobre entrega del haber hereditario, ascendente á la suma de cinco mil treinta y siete pesos, veinte y un centavos, cuya demanda fundó en los siguientes hechos:—1º En que Don Feliciano Rodríguez Acosta, padre de su mandante, falleció en Coamo el veinte y cinco de Noviembre de mil ochocientos noventa

y tres bajo disposición testamentaria que otorgó ante el Notario de aquella Villa en treinta Diciembre de mil ochocientos noventa y uno, con cuyo motivo se practicó en treinta y uno de Enero del noventa y cuatro la oportuna operación divisoria de los bienes relictos á su fallecimiento, que fué aprobada por el Juzgado y protocolada en la misma Notaría.—2? Que en esa partición de bienes se le adjudicaron cinco mil treinta y siete pesos veinte y un centavos, ó sea, novecientos noventa y siete pesos, en treinta y cinco cuerdas de terreno, radicadas en el barrio del Pasto, y el resto, cuatro mil cuarenta pesos veinte y un centavos, en crédito á favor del caudal que se sumó para formar parte como activo de una sociedad ó casa mercantil que estableció en Coamo la viuda Doña Carmen Torres, habiéndose liquidado algunos y sin embargo no se le ha rendido cuenta, ni tampoco se le ha hecho entrega del terreno que le había sido adjudicado.—3? Que citada á conciliación la demandada, no tuvo á bien asistir al acto. Citó como fundamentos de derechos los artículos 1,051, 1,052, 1,068, 1,094, y 1,101 del Codigo Civil, y suplicó que, previo los trámites del caso, se declarase con lugar la demanda, con las costas á la demandada.—Resultando: Que á la demanda acompañó los documentos siguientes: Testimonio de las operaciones de inventario, participación y adjudicación de los bienes dejados por Don Feliciano Rodríguez, en que aparece haberle correspondido al actor, por su haber hereditario, la cantidad expresada, para cuyo pago se le adjudicó la finca de que se ha hecho mérito y los créditos que forman el conjunto de la reclamación que hace en su demanda.— Resultando: Que á virtud de la nueva organización de los Tribunales, pasó el asunto á la Corte del Distrito de Ponce, y ante ese Tribunal reprodujo el actor su demanda, que le fué admitida, confiriéndose traslado de ella á la demandada, quien en escrito de primero Noviembre de mil ochocientos noventa y nueve contestó dicha demanda interesando se le absolviese de ella, condenándose al actor en las costas, fundando esa solicitud en los siguientes hechos: Que estaba

conforme con los hechos primero y segundo de la demanda, pero modificando este último, de que el demandante convino con Doña Carmen Torres la venta de treinta y cinco cuerdas que le fueron adjudicadas en el barrio del Pasto, que había recibido de dicha señora el precio convenido, en efectivo, aunque no se otorgó documento eficaz para trasmitir la propiedad del terreno; que á Doña Carmen Torres no le consta se haya cobrado ó liquidado ninguno de los créditos que fueron adjudicados al demandante en la participación hereditaria; 3º Que no era cierto que á la demandada le haya sido entregado por nadie el caudal hereditario de su difunto esposo, y por tanto el legado del actor, y que era mucho menos cierto que haya sido administradora de los bienes que constituían dicha herencia, ni que haya percibido cantidad alguna procedente de la misma.—4º Que el causante Rodríguez Acosta tenía constituída en Coamo una sociedad mercantil, que giró hasta su fallecimiento bajo la razón de J. Rodríguez y Cª, la que, al ocurrir su muerte se hallaba adeudando á varios acreedores la suma de cincuenta y un mil quinientos treinta y cinco pesos, treinta y cinco centavos.—5º Que fallecido Rodríguez Acosta en veinte y cinco Noviembre de mil ochocientos noventa y tres, bajo disposición testamentaria, se constituyó otra sociedad mercantil bajo la razón de Rodríguez, Fernández y Cª, cuya sociedad se hizo cargo de la liquidación de Rodriguez y Cª, con su activo y pasivo, siendo socia comanditaria Doña Carmen Torres y Rivera y únicos gestores Don Hermógenes Rodríguez y Don José Fernández.—6º Que, por lo expuesto en el hecho precedente, todos los bienes de Don Feliciano Rodríguez y Acosta afectos á la responsabilidad de Rodríguez y Cª, pasaron á la administración de los gerentes de Rodríguez, Fernández y Cª; que esta casa no ha liquidado aún las operaciones de Rodríguez y Cª; ni ha rendido cuenta de las suyas propias, habiendo sido inútiles todos los esfuerzos hechos por Doña Carmen Torres para obtener de sus socios que cumplan con ese deber, por lo que se le estaban ocasionando gravísimos perjuicios, ya que

se ve ella misma privada de administrar sus bienes; y dedujo como fundamentos de derecho los artículos 661 del Código Civil y 235 y 236 del de Comercio.—Resultando: Que á la contestación á la demanda se acompañó testimonio de la escritura de constitución de la sociedad Rodríguez, Fernández y Cª.—Resultando: Que, abierto á prueba el juicio, se limitó el actor á reproducir el mérito del documento ó escritura de partición de bienes que acompañó á la demanda, y el mérito del contrato social presentado por la demandada.—Resultando: De la prueba de la demandada, que el demandante confesó que tenía convenida la venta del terreno con Doña Carmen Torres, de cuya venta, y en concepto de precio, tiene recibidas cantidades de dinero que le ha entregado dicha señora, pero que no había recibido la totalidad de su haber hereditario.—Resultando: Que, á instancia también de la parte demandada, los testigos Don Hermógenes Rodríguez y Don José Fernández, el primero hermano del demandante y el segundo cuñado, declaran que Don Feliciano Rodríguez tenía establecida en Coamo una casa de comercio bajo la razón de F. Rodríguez y Cª, y que al morir dicho señor debía la sociedad cincuenta y un mil y pico de pesos; que en mil ochocientos noventa y cuatro se constituyó otra casa bajo la razón de Rodríguez, Fernández y Cª, la cual se encargó de la liquidación de aquélla, sin que aun haya terminado.—Resultando: Que, previos los demás trámites, el Tribunal de Ponce en trece de Febrero del año anterior, dictó sentencia, declarando con lugar la demanda y que Doña Carmen Torres entregue á Don Luis Rodríguez, en el término de diez días, los bienes que por su hijuela le corresponden por herencia paterna sin perjuicio de que ejercite el derecho de que se crea asistida por la compra que le hiciera del terreno que figura en aquélla, sin expresa condenación de costas.—Resultando: Que contra esa sentencia se ha interpuesto recurso de casación por la representación de Doña Carmen Torres, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento

Civil, y citando como infringidos: 1.º El artículo 661 del Código Civil, por cuanto en la sentencia se ordena la entrega de su caudal á Don Luis Rodríguez, á pesar de que consta que no están liquidadas las cuentas de la mercantil F. Rodríguez y Cª, de Coamo, y que ocupando los herederos el lugar del causante en cuanto á sus derechos y obligaciones, debe antes practicarse dicha liquidación, á la que está afecta la herencia.—2.º El artículo 235 del Código de Comercio porque constando al Tribunal que toda la masa del capital de Don Feliciano Rodríguez, está afecta á la liquidación de la sociedad F. Rodríguez y Cª, de que se hicieron cargo Rodríguez, Fernández y Cª, manda, sin embargo, entregar su herencia á Don Luis Rodríguez, cosa que no podía hacerse sin retirar parte del haber de la liquidación, ó sea infringiendo el artículo citado.—3.º Error de hecho en la apreciación de las pruebas, porque negado por Doña Carmen Torres que se encuentren en su poder los bienes que se le reclaman, y demostrado así por la prueba documental, testifical y por la propia confesión del demandante, esto no obstante, se le condena por la sentencia recurrida á que entregue al actor lo que aquélla no ha tenido ni tiene en la actualidad.—Resultando: Que este recurso se sostuvo en el acto de la vista.—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que confesado en el juicio por el actor la existencia de una sociedad mercantil liquidadora de la que formaba parte su causante, es indudable que, como heredero, le ha sucedido en todos sus derechos y obligaciones, y por tal razón no puede exigir la entrega del haber que le corresponda en la división de la masa social, que se formó con los créditos que se reclaman como activo de la sociedad, mientras no se hallen extinguidas todas las deudas y obligaciones de la compañía; y al ordenar la entrega de ese haber hereditario, como lo hace la sentencia recurrida, se han infringido los artículos 661 del Código Civil y 235 del de Comercio, que se citan en el 1.º y 2.º motivo, tanto más cuanto que Doña Carmen

Torres ni está poseyendo lo que se le reclama ni puede, como socia comanditaria de la liquidadora, hacer acto alguno de administración de los intereses de la compañía.—Considerando: Que las pruebas practicadas revelan indudablemente los hechos que engendran el anterior fundamento de derecho, y al no entenderlo así el Tribunal sentenciador y prescindir en absoluto de la confesión del demandante, expresiva de haber éste vendido á Doña Carmen Torres la porción de terreno que conjuntamente con el importe de los créditos reclama en su demanda, ha incurrido también en el error que se le atribuye en la apreciación de las pruebas de confesión, documental y testifical, únicas en el juicio, y propuestas solamente por la parte demandada.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación, por infracción de ley, interpuesto por Doña Carmen Torres y Rivera, viuda de Rodríguez y en su consecuencia casamos y anulamos la sentencia que en trece de Febrero del año último dictó el Tribunal del Distrito de Ponce; y comuníquese, con devolución de autos y certificación de esta sentencia y de la que á continuación se dicte. —Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—El Juez Asociado Don Luis Sulzbacher, votó en Sala y no firma por estar en uso de licencia, José S. Quiñones.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á doce de Abril de 'mil novecientos uno.—E. de J. López Gaztambide, *Secretario*.